file

| | |
|---|---|
| DISTRICT COURT, Arapahoe County,<br>STATE OF COLORADO<br>Court Address: 7325 S. Potomac St.<br>Centennial, CO 80112<br>Phone: (303) 649-6355 | DATE FILED<br>July 15, 2026<br>CASE NUMBER: 2026CV255 |
| **PLAINTIFF: ACP COMPREHENSIVE SOLUTIONS, LLC, a sole member LLC Pro Se**<br><br>**& Plaintiff: Peter Mosby Pro Se the insured policy holder**<br>**v.**<br>**DEFENDANT: Liberty Mutual and Peerless Indemnity an underwriting subsidiary of Liberty Mutual and Safeco a brand name of Liberty mutual** | **▲ COURT USE ONLY ▲**<br><br>Filed<br>JUL 15 2026<br>CLERK OF THE COMBINED COURT ARAPAHOE COUNTY, COLORADO |
| Alan Podvin pro se owner of ACP COMPREHENSIVE SOLUTIONS, LLC<br>7931 S. Broadway #218 Littleton CO 80122<br>303-351-2022 Alan@ACPstormrepair.com<br>Peter Mosby 8216 S IRELAND WAY, AURORA, CO 80016 | Case Number: 2026 CV 255<br><br>Div: 15 Crtm: |

**ORIGINAL COMPLAINT**

Plaintiff, ACP Comprehensive Solutions, LLC (hereafter known as "ACP"), submits the following Complaint against Defendant, Liberty Mutual insurance company

## I. PARTIES

1. Plaintiff ACP is a real Colorado contractor, licensed contractor and IRC tested for roof, site supervision and residential home building. ACP is a Contractor registration holder for 29 years. ACP is a Colorado limited liability company whose principal offices are located at 7931 S. Broadway, Suite 218, Littleton, CO 80122. Its member is a resident of the state of Colorado.

2. Defendant Liberty Mutual whose main offices are located at Liberty Mutual's principal place of business is 175 Berkeley Street, Boston, Massachusetts 02116 Safeco is a wholly-owned subsidiary of Liberty Mutual Insurance. Registered agent for Liberty Mutual and Peerless is "Corporation service company 1900 W Littleton Blvd Littleton CO 80120

3. Plaintiff Peter Mosby (hereafter known collectively as Mosby) is the property owner and policyholder of Liberty Mutual policy number H3DT9189845570. The claim number



EXHIBIT A

file

is 057237571. This policy insured the home residence of Mosby at 8216 S IRELAND WAY, AURORA, CO 80016

4. Mosby had contractual rights under said policy to proceeds of a claim and causes of action, which he assigned to ACP.

5. Mosby authorizes and joins ACP to bring claims under C.R.S. §10-3-1115, 1116 on behalf of Mosby. ACP Comprehensive Solutions, LLC is a Colorado limited liability company. ACP is also an assignee of the benefits and a "first party" entitled to enforce Colorado statutes governing bad faith claim delays and denials under C.R.S. § 10-3-1115 and 1116. Kyle W. Larson Enters., Inc. v. Allstate Ins. Co., 305 P.3d 409 (Colo. App. 2012).

## II. JURISDICTION AND VENUE

6. This dispute involves a contract that was entered into between Mosby and Liberty Mutual for property in Arapahoe County, State of Colorado. The subject of the contract was to provide insurance to Mosby and to insure the property of Mosby that is located in the Arapahoe County, State of Colorado.

7. Venue is proper in Arapahoe County pursuant to C.R.C.P. 98 because the property which is the subject of this claim is located in the County of Arapahoe, State of Colorado, and the insurance contract involving Liberty Mutual was entered into in the County of Arapahoe.

8 All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involves an insurance policy governed by Colorado law. The Arapahoe county district court has personal jurisdiction over the Defendants, and Liberty mutual and Peerless have substantial connections and employees as well as offices in Colorado and regularly conduct business here. Arapahoe county district court has subject matter jurisdiction over the matter.

## III. GENERAL ALLEGATIONS

9. We agree the Mosby residence was damaged by hail ice storm while insured by Liberty Mutual On or about 06/09/2024 according to Liberty Mutual documents.

10. We agree on basic main items (Scope) Liberty Mutual identified to be replaced and paid by Liberty Mutual named by Liberty Mutual adjusters such as roof and windows among other items named by Liberty Mutual.

11. On or about July 15, 2024 Mosby entered into a contract with ACP Comprehensive a 29 year licensed contractor to repair the Liberty Mutual named scoped items.

12. The main basic items Liberty Mutual estimated have many connected consequential items required to repair or rebuild to a code approved repair.



EXHIBIT A

file

13. Liberty Mutual prepared estimate and inspection that occurred about 7-15-2024 This estimate was represented by Liberty Mutual to be complete and reasonable. This estimate is based on task codes entered by Liberty Mutual adjusters in a insurance price estimator system called Symbility at the price of $50,291.72

14. Liberty Mutual issued many corrective estimates with more detail task codes, about 5 or 6 known at this time, and the current Liberty Mutual estimate stands at $123,264.19 a Symbility estimator price with NOT all code required task codes entered by Liberty Mutual adjusters. Using the Symbility estimator correctly would yield an estimate as was billed and contracted at $186,740.67 Symbility and contract price incurred by the insured.

15. ACP first notified items were not accounted for to date no proper investigation was conducted to attempt to understand by Liberty mutual adjusters. Not all code required task codes for items needed to perform a code approved repairs have been entered by any Liberty Mutual adjuster in their Symbility estimate to date almost 2 years after damages.

16. ACP has spent much time and effort to assist Liberty Mutual adjusters to understand rebuilding procedures and assist them to enter them properly into the Symbility estimator at ACP's time expense.

17. Symbility and Xactimate are the 2 leading insurance estimating softwares. Both now have publicly available guidelines and a descriptive click for details and online training for public to understand the system and itemization task codes. Insurance Adjusters , Insurance Appraisers, ACP staff and almost anyone can derive an accurate price estimate with basic construction knowledge, using the tutorials and publicly available references for proper use.

18. About 140 emails and about 32 phone calls have been made by Mosby and ACP in attempts to help Liberty Mutual staff correct their Symbility estimate using publicly available code and Symbility information.

19. Mosby and ACP would accept Symbility normal insurance pricing if all details were properly accounted for and entered to meet codes and normal rebuilding practices and paid in a timely manner.

20. Liberty Mutual and multiple of their representatives may have conspired to misrepresent delay and deny the claim value and underpay the claim. Liberty Mutual despite having been reasonably made aware on multiple claims multiple ways in appraisal emails court cases and collections back to 2019. On this claim and others ACP has given numerous examples how to properly use task codes to itemize repairs to Liberty Mutual and subsidiaries. There are many similar homes in Colorado that would have similar task codes and building code use and would serve as good examples to Safeco/ Liberty Mutual how to use the estimator properly. All should be paid using the same template ACP has sent as an example for 6+ years.

21. Liberty Mutual has failed to perform its contractual duties under the policy contract to provide a member of staff to timely accurately adjust value and pay the Mosby claim.



EXHIBIT A

file

22. ACP has performed the similar repairs for Safeco and Liberty Mutual and many other major carriers and ACP has a template publicly available in Symbility and xactimate the Liberty Mutual estimating program used for pricing for similar repairs. Liberty Mutual have and/or should have this template and system in place and Liberty Mutual is negligent not knowing and not paying the processes legally required to repair according to local state and federal laws.

23. ACP Symbility estimates and task code usage on similar repairs have been understood and paid on many similar claims by many carriers adjusters, claim reps, claims appraisers and umpires and including Liberty Mutual many times setting precedent for reasonable market pricing and Building code usage that should be owed and paid on this claim.

24. ACP estimate prices and task code proper usage have withstood scrutiny and been paid/settled on claims at the District and Federal court level many times previously also available as references to adjusters and exhibits will be submitted and referenced on this case.

25. ACP has made and continues to make every effort possible to amicably resolve the estimated pricing itemization discrepancies using the same methods that have led to proper payments on numerous other repairs at much extra time and expense of ACP.

26. Multiple offers have been submitted to Liberty Mutual of multiple ways to repair that may likely be approved by Arapahoe county inspectors. Even the simplest lowest price offers have not been understood or accepted, addressed, inspected, considered or paid by Liberty Mutual in conduct typical to adjusters acting in good faith.

27. Under Colorado Revised Statutes (C.R.S.) § 10-4-110.8(8), the estimate of the licensed contractor ACP must be considered. To date Liberty Mutual has failed to perform it's contractual duties to appoint a qualified adjuster to consider and determine the price based on the licensed contractor ACP estimate as required.

28. Liberty Mutual has not paid the full proceeds of the policy although demands for payment have been made and all actions required of Mosbys have been carried out as the policy requires with the exception of appraisal. Appraisal is now ongoing as of the filing date but is delayed by Liberty Mutual's actions. A separate motion will be filed about appraisal if delay is not resolved.

29. To date ACP has incurred extra non typical overhead costs to document items from ACP site supervisors that reasonably should/ could have been documented and paid on the initial Liberty Mutual inspection.

30. The current estimate by Liberty Mutual is illegal and is not in compliance with Local or State nor Federal laws. For example Liberty Mutual used:

1) over weight dumpsters not allowed on highways for this size roof. Additionally the dumpster would need to be on site so many different times 2-3 yet only 1 was paid by Liberty Mutual.



EXHIBIT A

file

2) Local code law for windspeed 115mph requires starter rakes and eaves so shingle do not fly off yet Liberty mutual did not account for these properly
3) ACP did have a licensed site supervisor on site as required by state law to monitor workers and verify workmen's comp
4) Building code R7.3.4.1 requires flashing around windows not itemized in the Liberty Mutual estimate before appraisal to date.
5) Practical needed items like dust control walls to separate the open windows from the rest of the interior of the residence to contain dust and stop wind during window replacement
6) 903.2.2 code requires primer on metals that are adhered to bituminous roofing and was not accounted for by Liberty Mutual.
7) Many additional building codes were not accounted for and itemized which Liberty Mutual is negligent to not have a system in place to properly account for to be seen on the forthcoming appraisal estimate.

31. One example of delay and denial that did occur:
1) Jacob the adjuster requested on August 15, 2024 ACP to use our time to open the roof and provide picture documentation of the shingle to verify the brand and type when he could have obtained that photo on the initial inspection. ACP recorded a video of how easy this is for the adjuster to do as is his job. This is required on many claims as ACP is also a licensed adjuster.
2) Adjuster Jacob Savage paid less solar panels detach and reset than were present and required assistance form ACP staff site supervisors to provide documentation without using the proper line item to pay that site supervisor
3) windows were paid to be replaced but to remove them a stucco repair is needed that is not accounted for even after repeated emails and explanation by ACP.
4) Inconsistencies like spray foam was paid around a door but not windows and is needed in a similar manner.
5) A vendor called Itel was used by Liberty Mutual for a discount shingle price yet when ACP called to obtain this price and delivery up on the roof the itel vendor declined and ACP could not get the discount price. Liberty Mutual never accounted for carrying or using a crane to lift the shingles up on the roof for the workers.
6) Overhead and profit was not paid on the roofs even though Liberty Mutual adjusters requested ACP site supervisors to collect and provide documentation related to roofs
7) Untrained tearoff demo workers were estimated on a roof by Liberty Mutual yet no site supervisor time or safety equipment was accounted for to help workers not experienced on roofs.
8) Quantities of ridge and qualities of materials like underlayment felt were lessened and paid lower by Liberty Mutual even when sufficient documentation was provided.
9) Many materials like step flashing, drip edge, ice and water, W valley and ridge vents were not accounted to be removed or detached and reset. The underskilled demo tear off workers Liberty Mutual estimated would need instruction or listing of these items so the new items could be installed. An example is headwall to be reused not torn off, or a custom detail to save stucco damage doubling up step flashing instead of tearing out as dictated by the ACP licensed supervisor was not accounted for or paid nor even attempted to be understood by Liberty Mutual.
10) An item like a ridge vent needed to be removed but might be reused or discarded and no labor was provided added to the estimate for this person who should oversee this process.
11) A detail like a custom uncommon painted red color gutters existed and Liberty Mutual never accounted for the paint in their estimate



EXHIBIT A

file

12) Each phase subcontractor would require an hour to meet, an hour to inspect when they finish. Ten phases should require at a minimum of 20 hours. Site supervision by an owner or a general contractor or a licensed site supervisor none of which are accounted for by Liberty Mutual
13) Mosbys have had to find and send multiple receipts for previous work and many times it has been sent and requested again by liberty mutual

32. OSHA required items such as scaffold to set windows, a jobsite worker toilet and demo labor roofer safety harnesses for the untrained workers they paid for are not accounted for and not paid or itemized by Liberty Mutual.

33. Mosby authorized ACP to bring claims on their behalf under C.R.S. §10-3-1115, 1116. Additionally, Mosby authorized ACP to bring claims for bad faith on their behalf in multiple contracts signed including the contract signed 10-31-2024 and again confirmed by voice and text 7-14-2026

34. Fraud by adjusters and conspiring to commit fraud appears to likely have occurred shown by emails and recorded calls from adjusters. Emails and timelines and payment chronology will show Liberty Mutual adjusters reasonably should have known items requested by ACP were known to be due when Liberty Mutual staff were denying them. Other ACP paid full claims publicly available should also be considered to prove ACP pricing is reasonable.

## FIRST CLAIM FOR RELIEF
***(Breach of Contract - Policy)***

35. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

36. Liberty Mutual's conduct constitutes a breach of the insurance contract between Liberty Mutual and Mosby, Colorado C.R.S. 13-80-101 (1)(a),with regard to ACP for which ACP seeks relief as ACP attempted to and was forced to perform under its contract without payment to perform much additional detail underlying supporting work and legally required work. ACP and Mosby's both have expenses under this contract that are unpaid by Liberty Mutual nor Peerless Indemnity

37. Under the terms of the policy, and pursuant to contract and assignment, Liberty Mutual is liable to Mosby and ACP for damages resulting from - breach of contract plus pre-judgment interest and costs as set forth below.

## SECOND CLAIM FOR RELIEF
***(Bad Faith Delay and denial)***

38. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.



**EXHIBIT A**

file

39. Liberty Mutual repeatedly acted with reckless disregard denying multiple details required to rebuild items they named on the claim violating the Colorado bad faith statute, C.R.S. 10-3-1115 AND 1116 each time an illegal scoped estimate was issued, and generally in Liberty Mutual's known, designed, repeated, operating practices everything mentioned contributes to result in bad faith delay and denial.

40. ACP seeks two times (double) the covered benefit, which was unreasonably delayed or unreasonably denied in addition to reasonable attorney fees and court costs, plus costs and overhead time spent to try to cure the delay and denial.

## THIRD CLAIM FOR RELIEF
***(Common law bad faith)***

41. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

42. C.R.S 10-4-110.8 requires that Liberty Mutual representatives consider a licensed contractor's estimate like ACP with an international IRC tested contractors license. Liberty Mutual repeatedly denied details of the claim with no consideration, investigation or attempted understanding of the rebuilding code and never questioned or emailed for understanding ACP the licensed contractor in violation of C.R.S 10-4-110.8

## FOURTH CLAIM FOR RELIEF
***(Colorado Consumer Protection Act)***

43. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

44. Liberty Mutual's conduct constitutes a violation of the CCPA (Colorado Revised Statutes C.R.S. § 6-1-105

45. ACP seeks the damages of the CCPA for the action of Liberty Mutual Safeco for 2 aspects on this Mosby claim.

1) Liberty Mutual misrepresents not including or noting on many Coloradans estimates that 1-3 permit fees will be paid on their initial estimate when a 1) roof and 2)solar and 3)windows. These 3 permit fees should be added as a grayed out stricken line to indicate to consumers there are extra monies needed and will be paid. This was emailed July 17, 2024 and not corrected. There is not any indication by Liberty Mutual of permits to be paid. Contractors or experienced companies who need overhead and profit paid have to deal with adjusters and spend time emailing 140 emails to obtain legally required monies from Liberty Mutual.



EXHIBIT A

file

2) Liberty Mutual represented that they are paying Symbility prices and used this online estimator. ACP staff or a consumer would be forced to learn the program to find as ACP found hidden monies owed by Liberty Mutual. Any user of the program would be able to see these details. Maybe in 2019 technology was not ready but easily as ACP will demonstrate in 2026 anyone with decent construction knowledge would be able to add these estimate details and know they were owed. ACP researched and found discrepancies publicly available to everyone online to prove the incorrect shingle type was estimated and misrepresented and underpaid in the Liberty Mutual estimates. ACP has knowledge this happened on 3 other known Liberty Mutual clients; one was even recorded on a roof and Liberty Mutual adjuster later knowingly misrepresented the shingle type. When notified Liberty mutual adjusters do not correct these errors in violation of the CCPA (making damages owed under CCPA) the adjusters ask for more information or information they already should have had then committing bad faith again for each item time and time again on this claim
3) The policy declarations page showed a deductible of $10,000.00 which Mosby had agreed to and asked for. Yet the policy had a hidden provision in the event of a roof claim for something called RPS which effectively increased the deductible out of pocket to about $30,111.81 This was a hidden provision unknown to Mosby and likely to many Colorado consumers and mortgage companies. This makes a full replacement policy into a ACV policy but Liberty Mutual and subsidiaries gave it a deceptive new name RPS.
4) Illegal not rebuildable estimates are being written repeatedly and knowingly. For many Colorado insureds ACP has knowledge that Liberty mutual estimates are not written in a legal way that consider local state and federal laws. Liberty Mutual has done this for now 7 years we ACP know of and never improved.
   Repeated and seemingly planned claim processing repayment with lack of proper research and investigation into safety and labor law and building code requirements have a broad impact to adversely affect many Coloradans. Liberty Mutual insurance company has had ample time and assistance offered by ACP to understand the claims and pay legally and properly.

## FIFTH CLAIM FOR RELIEF

46. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein.

47. Liberty Mutual's conduct also constitutes a violation of Tortious interference C.R.S 13-80-102

48. ACP seeks the damages for Tortious interference specifically because knowing contractors ACP in this case had a contract Liberty mutual prevented ACP from performing the



EXHIBIT A

file

duties in our contract without extra time and monies expended by ACP and Mosby resulting in economic injury to ACP.

**SIXTH CLAIM FOR RELIEF**
***(PERMANENT INJUNCTION)***

49. Plaintiff incorporates by reference the allegations set forth above in the preceding paragraphs as if set forth herein. Due to the lack of improvement over 7 years (mentioned previous) an injunction is needed to stop the practices of this insurance company against Coloradans.

50. The proper itemization of this claim and claims like this and the inclusion of the required local state and federal law required items are needed to protect and affect all persons in the vicinity and related to these claims. Liberty Mutual should have been aware how to estimate at least since another claim was settled /paid in 2019 in appraisal with Safeco making them reasonably aware how to estimate and adjust their premiums and/or train staff for the Colorado type houses. ACP has developed an example template estimate to help all insurance carriers adjusters which it provided on many occasions to liberty mutual.

51. Irreparable harm will occur unless Liberty Mutual is enjoined from its inconsistent and bad faith claim handling practices. The consistency of the ACP template for Colorado homes residential exterior reconstruction or similar should be the standard by which all Colorado claims are paid.

52. Liberty Mutual and their subsidiaries should be enjoined to use a template such as the ACP template to properly pay claims and insure all aspects of code and workers safety are properly itemized since Liberty Mutual could not figure it out themselves in the last 6 years.

WHEREFORE, Plaintiff seeks the relief set forth below.

**PRAYER FOR RELIEF**

53. Judgment in favor of Plaintiffs and against Defendants in an amount to be determined. If the court was to allow the maximum for each claim for relief this still would not be enough to offset the mental and economic injury from Liberty mutual. The financial motivation for Liberty Mutual to continue these practices. Nine (9) times the amount misrepresented would not inflict upon a company like Liberty Mutual near the impact the known repeated actions of Liberty Mutual have inflicted on ACP.



**EXHIBIT A**

file

54. ACP and Mosby seek the maximum damages for each claim for relief as stated above. ACP can show the repeated known practices are saving LIberty Mutual millions and maximum damages would be justified.

55. Additionally if the court could consider and award for lost revenue and profits, attorney fees, costs, and other amounts determined at trial. Also all costs, interest, expenses, and other damages including but not limited but in addition to the unpaid claim.

56. ACP and Mosby's have suffered losses. ACP has losses of clients, contracts, business revenue in addition to inability to sell our company due to inconsistencies of lack of timely and proper payment by Liberty Mutual.

57. ACP would pray for maximum damages on each claim for relief additionally because, as a result of Liberty Mutual's actions the value of our company has deteriorated as our company cannot operate properly, timely or enjoyably to our ACP expectations as ACP normally does on other claims and retail jobs. The action of Liberty Mutual makes it impossible for ACP to meet the expectations of ACP and our clients. Due to the actions of Liberty mutual ACP cannot give the proper client experience collecting from Liberty Mutual on their claims. The reconstruction process becomes inefficient and delayed. In contrast ACP has, yes, been able to collect from Liberty mutual and many major carriers timely but not this claim. Precedence of proper claim repayment and proper business procedures of insurance companies has been set by ACP many times in our company's history making the example that should have been followed by Liberty Mutual here on this Mosby claim.. ACP has set precedences with and has testimony of many other major carriers adjusters. settlement officers and appraisal handlers, managers desk adjusters of which ACP intends to use in the case. ACP knows the expectations of Colorado consumers including payment of all these details missing from Liberty Mutual's estimates after multiple attempts. Much extra time and labor hours and expense have been expended by ACP. Now almost 2 years has passed and our clients Mosbys cannot refer ACP yet as the claim collection and repairs are not finished. Nor would ACP expect favorable reviews from client Mosby after poor timeframe of the collection experience with Liberty Mutual. The actions of Liberty Mutual Safeco will be shown to be absurd in comparison to other carriers and ACP pray for additional compensation to offset our losses and the irreparable harm to ACP Liberty mutual has caused with their delays and lack of proper payment.. Mosbys also have had unexpected out of pocket expenses and loss of time dealing with the claim and ridiculous pointless request by Liberty Mutual for information that has no impact on what is owed or was already provided to Liberty Mutual and lost. Additionally Mosbys have a loss of value and ability to sell their home until repairs are properly completed.

## GOOD FAITH CHANGE IN THE LAW

58. Should this Court determine the Plaintiff's claims fail to state a claim upon which relief is to be granted, in that event Plaintiff states that the claim was brought for the purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation and identifies the authority relied upon justifying any dismissal as the authority to extend, limit, modify, or reverse.



**EXHIBIT A**

file

**RIGHT TO AMEND**

59. Plaintiff reserves the right to amend this and any other pleading as facts are learned in discovery or for any other reason.

By: Alan Podvin Jr owner pro se for ACP COMPREHENSIVE SOLUTIONS

pro se ACP COMPREHENSIVE SOLUTIONS
7931 S. Broadway #218 Littleton Co 80122
303-351-2022
800-648-1509
Alan@ACPstormrepair.com

[signature] 07/15/2026

and by: Peter Mosby the policy holder and owner pro se

8216 S IRELAND WAY,
AURORA, CO 80016

Peter Mosby 07/15/2026



EXHIBIT A